## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

MICHAEL BROWN,
    Plaintiff,

vs.                                                    Case No.: 3:09cv396/RV/MD

CO THORTON, et al.,
    Defendants.
_____

## REPORT AND RECOMMENDATION

Plaintiff has paid the initial partial filing fee (docs. 7, 11), and this cause is before the court upon his *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1).  Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI").  Named as defendants in this action are four prison officials at Santa Rosa CI:  Correctional Officer Thorton, Nurse Torino, Nurse Donahue and Warden Ellis.  (Doc. 1, pp. 2-3 in ECF).  Plaintiff alleges that on May 2, 2009, he was wiping up water that had accumulated on his cell floor due to a clogged sink that had overflowed.  He lost his balance and hit his leg on a steel bunk, causing a laceration. Plaintiff waited twenty minutes for medical staff to arrive and, when they didn't, was taken by wheelchair to the medical department which was 100 yards away.  From there, he was immediately transferred to an outside clinic where he received thirteen stitches.  (*Id*., p. 6 in ECF).  Claiming that

the accident and lack of immediate medical attention amounted to cruel and unusual punishment in violation of the Eighth Amendment, plaintiff seeks compensatory and punitive damages in an unspecified amount. (*Id.*, p. 8 in ECF).

## DISCUSSION

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"

for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

In order to state a claim under section 1983, a plaintiff must establish two essential elements:

1. the conduct complained of was committed by a person acting under color of state law; and

2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Here, although plaintiff names Warden Ellis as a defendant in this action, Warden Ellis is mentioned nowhere in the body of plaintiff's complaint. To the extent plaintiff seeks to hold this defendant liable because he supervised one or more of the named defendants, he is advised that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). "The mere right to control, without any control or direction having been exercised and without any failure to supervise, is not sufficient to support 42 U.S.C. § 1983 liability." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 n. 58, 98 S.Ct. 2018, 2037 (1979). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The court in *Brown* set forth the limited circumstances upon which a causal connection between the actions of a supervising official and the

alleged constitutional deprivation can be shown sufficient to render him liable on a § 1983 claim. The causal connection can be established

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

*Id.* (citations omitted). In the instant case, plaintiff's complaint fails to identify any action taken by Warden Ellis that resulted in the deprivation of plaintiff's constitutional rights. Thus, his claims against this defendant should be dismissed.

As for the remaining defendants, plaintiff seeks to hold defendant Thorton liable for the accident on the theory that his conduct violated the Eighth Amendment. To support this claim, plaintiff alleges that earlier in the day he informed Thorton of the water on the floor, and that his medical records documented that he has poor circulation in his feet.

As the Eleventh Circuit explained in *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004), the Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions:

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The challenged condition must be "extreme." *Id*. at 9, 112 S.Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id*. at 35, 113 S.Ct. at 2481. Moreover, "the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one

> that today's society chooses to tolerate." *Id*. at 36, 113 S.Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive [d] ... of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399.

*Chandler*, 379 F.3d at 1289-90.

The second part of the two-part analysis is the "subjective component:"

> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson*, 503 U.S. at 8, 112 S.Ct. at 999 (marks and citation omitted). The proper standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). Negligence does not suffice to satisfy this standard, *id*. at 305, 111 S.Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994). In defining the deliberate indifference standard, the *Farmer* Court stated: " [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837, 114 S.Ct. at 1979. Furthermore, the official may escape liability for known risks "if [he] responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844, 114 S.Ct. at 1982-83.

*Chandler*, 379 F.3d at 1289-90.

Individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury or (2) to have the government protect them from such an injury. *See Daniels v. Williams, supra.* To amount to a violation of the Constitution, the official's actions must be deliberate or reckless in the criminal sense. *See Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

Courts have regularly held that slip and fall accidents do not give rise to federal causes of action. *See, e.g., Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (slippery condition arising from standing water in prison shower was not a

condition posing a substantial risk of serious harm as required under the Eighth Amendment, even where inmate was on crutches and had warned prison employees that he was at heightened risk of falling); *Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (inmate's claim for monetary damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."); *see also Bacon v. Carroll*, 232 Fed. Appx. 158, 160 (3rd Cir. Apr.30, 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation); *Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. Feb. 6, 2004) (accumulation of water on the floor due to prison officials' oversight shows, at most, that jail officials were negligent); *Beasley v. Anderson*, 67 Fed. Appx. 242 (5th Cir. 2003) (prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *Lefall v. Johnson*, 48 Fed. Appx. 104 (5th Cir. 2002) (prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks of which defendants were aware was, at most, a claim of negligence which is not actionable under § 1983); *Davis v. Corrections Corp. of America*, No. 5:07cv279/RS/EMT, 2008 WL 539057 (N.D. Fla. Feb. 22, 2008) (holding that plaintiff's allegations that he slipped and fell due to water on the floor from a leaking toilet resulting in injury to his leg failed to state an Eighth Amendment violation).

      In the instant case, plaintiff's allegation that defendant Thorton knew there was water on the floor does not establish conduct that was more than mere negligence. Further, although plaintiff states that his medical file documented poor circulation in his feet, he fails to suggest that defendant Thorton was aware of that

condition. As plaintiff's complaint fails to state an Eighth Amendment claim that is plausible on its face, his claim against defendant Thorton should be dismissed.

As to plaintiff's medical claims against Nurses Torino and Donahue, these claims too require dismissal. Plaintiff sues Nurses Torino and Donahue on Eighth Amendment grounds, claiming that their "negligence" in failing to respond caused him to suffer twenty minutes longer and to lose more blood than necessary.

Not every claim by a prisoner that he has not received adequate medical treatment states an Eighth Amendment violation. *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837, 114 S.Ct. at 1979 (1994). Plaintiff must show (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. *McElligott*, 182 F.3d at 1255. Proof that defendant should have but did not perceive a risk is insufficient. *Campbell v. Sikes,* 169 F.3d 1353, 1364 (11th Cir. 1999). Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. *Murrell v. Bennett*, 615 F.2d 306, 310, n. 4 (5th Cir. 1980). Not all complaints concerning medical treatment are actionable:

> A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 106, 97 S.Ct. at 292 (footnote omitted); *see also, Campbell*, 169 F.3d at 1363.

An official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay. *See Hill v. DeKalb Reg'l Youth Detention Ctr.,* 40 F.3d 1176, 1187-88 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002)); *Harris v. Coweta County*, 21 F.3d 388, 394 (11th Cir. 1994) (sheriff was not entitled to qualified immunity where he intentionally delayed treatment that sheriff knew had been prescribed for inmate's serious medical need); *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (failure to provide prompt attention to serious medical needs by delaying medical treatment for nonmedical reasons constitutes deliberate indifference). "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition and considering the reason for delay." *Hill* at 1189. "Where the delay results in an inmate's suffering 'a life-long handicap or permanent loss, the medical need is considered serious.'" *Id.* at 1188.

In the instant case, even assuming Nurses Torino and Donahue were responsible for responding to the accident (a fact which plaintiff does not explicitly allege), his allegations fail to suggest that these defendants knew, at the time they delayed their response, that plaintiff had a serious injury. *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003) (holding that absent evidence that nurse herself subjectively was aware of a serious risk of harm to the prisoner, prisoner's allegation that nurse displayed deliberate indifference towards his serious medical need failed to state a claim for violation of his Eighth Amendment rights). Nor do his allegations suggest that they intentionally delayed their response, or that the twenty-minute delay worsened the injury. His vague contention that he "suffered more than necessary" and "lost of blood unecessary [sic]," (doc. 1, p. 7 in ECF) is insufficient.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida, this 1st day of March, 2010.


**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**